Ivashchenko v Borukhov (2024 NY Slip Op 02526)

Ivashchenko v Borukhov

2024 NY Slip Op 02526

Decided on May 8, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 8, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2020-07795
 (Index No. 550067/20)

[*1]Inna Ivashchenko, appellant,
v
Ruben Borukhov, respondent.

Shalom Task Force: Sarah's Voice, Brooklyn, NY (Erin Bistricer of counsel), for appellant.
Regina A. Matejka, Garden City, NY, for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals, in part by permission, from an order of the Supreme Court, Kings County (Lorna J. McAllister, J.), dated October 7, 2020. The order, insofar as appealed from, denied, in effect, as academic, the plaintiff's motion for certain pendente lite relief and, sua sponte, directed dismissal of the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, so much of the order as denied, as academic, the defendant's motion to dismiss the first cause of action is vacated, and the matter is remitted to the Supreme Court, Kings County, for a determination on the merits of the plaintiff's motion for certain pendente lite relief and the defendant's motion to dismiss the first cause of action.
The plaintiff commenced this action against the defendant, seeking a divorce on various grounds and ancillary relief. Thereafter, the defendant moved to dismiss the first cause of action. The plaintiff moved for certain pendente lite relief. The Supreme Court, sua sponte, directed dismissal of the complaint, denied, in effect, as academic, the plaintiff's motion for certain pendente lite relief, and denied, as academic, the defendant's motion to dismiss the first cause of action. The plaintiff appeals.
"A court's power to dismiss a [complaint], sua sponte, is to be used sparingly, and only when extraordinary circumstances exist to warrant dismissal" (Matter of Weindling v Berkowitz, 157 AD3d 803, 804; see First United Mtge. Banking Corp. v Lawani, 147 AD3d 912, 913). Here, the Supreme Court did not identify any extraordinary circumstances warranting sua sponte dismissal of the complaint (see Matter of Weindling v Berkowitz, 157 AD3d at 804; cf. Matter of Hersh, 198 AD3d 773, 776). The plaintiff moved, inter alia, to consolidate custody and family offense proceedings that were pending in the Family Court, Queens County, and the Family Court, Kings County, with the instant action. There was no motion to dismiss the complaint in its entirety or to change venue before the court (see Moran v BAC Field Servs. Corp., 164 AD3d 494, 496).
Accordingly, we reverse the order insofar as appealed from, vacate so much of the order as denied, as academic, the defendant's motion to dismiss the first cause of action, and remit the matter to the Supreme Court, Kings County, for a determination on the merits of the plaintiff's [*2]motion for certain pendente lite relief and the defendant's motion to dismiss the first cause of action.
DILLON, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court